**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct: Angela Kwon, Esq.
　　　akwon@bkllawyers.com

September 29, 2023

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

　　　RE:　*Markovic, et al. v. Milos HY, Inc. d/b/a Estiatorio Milos, et al.*
　　　　　　Case No. 22-cv-1412 (LJL)

Dear Judge Liman:

　　　This firm represents Plaintiffs Violeta Markovic and Darko Ilic (collectively, "Plaintiffs") in the above-referenced matter. We write, jointly with counsel for Defendants Milos HY, Inc., Milos, Inc., and Costas Spiliadis (collectively, "Defendants"), to respectfully request judicial approval of the parties' settlement agreement, attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

　　　The Agreement resolves Plaintiffs' wage claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the amount of $30,000.00, specifically (i) $15,000.00 for Plaintiff Markovic's wage claims and (ii) $15,000.00 for Plaintiff Ilic's wage claims. As part of this motion, Plaintiffs' counsel requests one-third (1/3) in attorneys' fees ($9,866.00) plus costs ($402.00) from the total settlement amount.[1] For the reasons outlined below, the Court should approve this $30,000.00 settlement as a fair and reasonable compromise of Plaintiffs' claims.

## BACKGROUND

　　　On February 18, 2022, Plaintiffs initiated this putative class action against their former employer, alleging that Defendants (i) failed to pay Plaintiffs the lawful minimum wage due to invalid tip credit, (ii) kept and/or allowed managerial or supervisory employees to keep a portion of the tips that Plaintiffs earned from customers, (iii) failed to pay the spread-of-hours premium for workdays exceeding ten hours, and (iv) failed to provide proper wage notice and wage statements, in violation of the FLSA and/or NYLL. Moreover, Plaintiff Markovic alleged that she was subjected to a hostile work environment on the basis of sex and retaliated against for complaining about workplace sexual harassment. Plaintiffs filed their First Amended Complaint on October 12, 2022 (ECF Dkt. No. 34).

---

[1] Defendants take no position with respect to Plaintiffs' request for attorneys' fees.

On November 18, 2022, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), requesting dismissal of Plaintiffs' First Amended Complaint in its entirety. Defendants' motion was fully briefed on January 23, 2023. While the motion was pending, Plaintiffs produced their calculation of damages to Defendants, and the parties engaged in extensive discussions in attempt to settle the matter. On July 26, 2023, the Court denied, in part, Defendants' motion to dismiss (ECF Dkt. No. 48). Shortly thereafter, the parties successfully reached a settlement in principle on or around August 17, 2023.

The formal settlement agreement between the parties is attached hereto as **Exhibit 1**. Although this lawsuit was initiated as a putative class action, a class action was never certified. Accordingly, the proposed Agreement is limited to the release of the two named Plaintiffs' individual wage claims, and does not release any claims of the putative class members.

## **THE SETTLEMENT IS FAIR AND REASONABLE**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp*., No. 17 Civ. 6011, 2019 U.S. Dist. LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the Plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

A. Plaintiffs' Range of Possible Recovery

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiff Markovic's range of possible recovery was between $0 and $46,645.00. In a best-case scenario, assuming that all of the disputed facts and amounts alleged by Plaintiff Markovic are entirely correct and that she would prevail on all claims, Markovic's calculation of damages amounts to $46,645.00, representing $18,322.50 in unpaid wages and tips, $18,322.50 in liquidated damages, and $10,000.00 in statutory penalties. See **Exhibit 2** for Plaintiff Markovic's assumptions and calculation of damages. The $15,000.00 settlement amount for Markovic's wage claims therefore provides a significant recovery, 81.9% of Plaintiff Markovic's best-case, unliquidated wages and tips owed under the FLSA/NYLL.

Similarly, based on estimated damages calculations, Plaintiff Ilic's range of possible recovery was between $0 and $52,668.57. In a best-case scenario, assuming that all of the disputed facts and amounts alleged by Plaintiff Ilic are entirely correct and that he would prevail on all claims, Ilic's calculation of damages amounts to $52,668.57, representing $21,334.29 in unpaid wages and tips, $21,334.29 in liquidated damages, and $10,000.00 in statutory penalties. See **Exhibit 3** for Plaintiff Ilic's assumptions and calculation of damages. The $15,000.00 settlement amount for Ilic's wage claims therefore provides a significant recovery, 70.3% of Plaintiff Ilic's best-case, unliquidated wages and tips owed under the FLSA/NYLL.

Particularly in light of the litigation risks discussed below, this settlement recovery is a fair and reasonable result.

B. <u>Litigation Costs and Risks</u>

The second and third also favor approval. If the parties were to continue litigation, the parties would need to complete full discovery, including interrogatories, production of documents, and depositions of all parties and witnesses, including corporate representatives for Defendants. Moreover, continued litigation would likely require extensive legal briefing from both sides, including motions for discovery, class action certification, and summary judgment. As such, further litigation would require significant time and expense. In addition, both sides face serious litigation risks relating to damages and liability.

Defendants argue that the tip credit deducted from Plaintiffs' wages was proper because they provided the requisite notice to Plaintiffs and otherwise complied with all other tip credit requirements. Defendants further argue that all tips were fully and properly distributed to Plaintiffs and other tipped workers. While Plaintiffs believe they could establish liability, this would require significant time and prolonged litigation, as Defendants expressly deny any violation of law or any liability to Plaintiffs. Furthermore, Defendants' argument that they acted in good faith at all times, if successful, would preclude Plaintiffs from recovering any liquidated damages.

Accordingly, Plaintiffs believe it to be in their best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiffs believe that the settlement amount is a fair result, accounting for a significant percentage of the alleged back wages owed, while eliminating the burdens and risks of trial.

C. <u>Arm's-Length Bargaining and Lack of Fraud or Collusion</u>

The fourth and fifth factors also weigh in favor of approval. Plaintiffs' counsel and Defendants' counsel have negotiated at arm's length over the course of several months. In addition, both parties' counsel have significant experience handling wage and hour claims. Moreover, the settlement is the product of arm's-length bargaining as the settlement amount represents a significant percentage of Plaintiffs' potential recovery – 81.9% and 70.3% of the two Plaintiffs' estimated unpaid wages under the best-case scenario.

Further, the red-flag issues identified in *Cheeks* are not present here. The Agreement does <u>not</u> contain a confidentiality, non-disparagement, or no-rehire clause, and the release is limited to Plaintiffs' wage and hour claims under the FLSA and NYLL. See **Exhibit 1**. In order to resolve Plaintiff Markovic's non-wage claims, including her harassment, discrimination, and retaliation claims brought in this matter under the NYSHRL and NYCHRL, the parties have entered into a

separate agreement in consideration for a release of those non-FLSA claims. The non-FLSA Agreement contains a confidentiality provision limited to the terms of that agreement, which explicitly carves out Plaintiff Markovic's FLSA allegations. *See Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986, 2016 U.S. Dist. LEXIS 61994, at *3, n. 1 (S.D.N.Y. May 10, 2016) (approving bifurcated settlement agreements, one resolving Plaintiffs' FLSA claims and the other resolving Plaintiffs' discrimination claims and containing a general release); *Chowdhury v. Brioni Am., Inc.*, No. 16 Civ. 344, 2017 U.S. Dist. LEXIS 196469, at *13 (S.D.N.Y. Nov. 29, 2017) (Courts "routinely approve bifurcated settlement agreements, in which the parties submit their FLSA agreement for court review and approval but enter into a separate agreement that addresses the non-FLSA claims, which does not require judicial [review and approval] and may contain provisions that would be impermissible under *Cheeks*.") (citing *Ortiz v. Breadroll, LLC*, No. 16 Civ. 7998, 2017 U.S. Dist. LEXIS 73657, at *4-5 (S.D.N.Y. May 15, 2017).

Lastly, as will be discussed below, Plaintiffs' counsel's requested attorneys' fees are not excessive as they only seek one-third of the total settlement fund, which is typical of FLSA cases. The parties' separate agreement for the release of Plaintiff Markovic's non-wage claims also provides for attorneys' fees in the amount of one-third (1/3) of the settlement amount. Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiffs respectfully request that the Court find that the Agreement is a "fair and reasonable" compromise of her FLSA claims against Defendants and approve the settlement.

## THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Plaintiffs further seek approval of attorneys' fees and costs. In accordance with Plaintiffs' contingency-fee basis retainer agreement with Plaintiffs' counsel, the Agreement provides that Plaintiffs' counsel will recover $ 10,268.00, equaling (i) $402.00 in reimbursement of costs (i.e., ECF filing fee), and (ii) 9,866.66 in attorneys' fees (i.e., $4,933.00 for each Plaintiff), which is one-third of the $30,000.00 settlement amount after deduction of the $402.00 in costs. See **Exhibit 1**, Section 1.e. The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiffs in their retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation.

Plaintiffs' counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Plaintiffs' counsel has worked without any compensation to date, and Plaintiffs' counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiffs' counsel has spent approximately 73.6 hours investigating, researching, and litigating Plaintiffs' claims, including but not limited to fully briefing Defendants' motion to dismiss the Plaintiffs' amended complaint, dismiss the Complaint, and negotiating and executing the settlement, for a lodestar of $29,440.00. See **Exhibit 4** for Plaintiffs' counsel's contemporaneous billing records

4

documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Lastly, Plaintiffs' counsel expended $402.00 on the ECF filing fee. This cost is commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiffs' counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

*          *          *

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Angela Kwon*

cc: all parties via ECF